**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> Provident Life and Accident Insurance Co., a Tennessee corporation; Unum Group, a Delaware corporation, <br><br> Defendants. | No. CV 18-279-TUC-CKJ (LAB) <br><br> **ORDER** |

Pending before the court is the plaintiff's motion, filed on January 16, 2020, to compel the production of electronically stored documents in Native Format. (Doc. 168)

On April 5, 2019, the plaintiff, Jalowsky, served the defendant Provident Life and Accident Insurance Co. with his Second Requests for Production, which contained Requests for Production 21-24. (Doc. 168-1, pp. 6-10) Request for Production No. 23 instructed the defendant to "Produce all training material and/or modules relating to disabilities due to concussion, post-concussion or post-concussive syndrome, and/or traumatic brain injury." (Doc. 168-1, p. 9) In the section of the Request labeled "Instructions," Jalowsky informed the defendant that "Electronically Stored Information ("ESI") should be produced in its [N]ative [F]ormat with files renamed to a single Production Number." (Doc. 168-1, p. 7)

In its response, the defendant stated[1] that it conducted a search for relevant materials "which were in effect between July 1, 2016 and December 31, 2017 and has located no responsive documents." (Doc. 168-1, p. 15)  The defendant Unum subsequently produced two documents: "a post-concussive syndrome PowerPoint training by Dr. Cowell," a Unum On Site Physician, and "notes from a 2016 training by [Unum neuropsychological On Site Physician] Dr. Black which had been created in Word." (Doc. 168-1, p. 3)  Unum did not, however, produce these two documents in their Native Format: PowerPoint and Word.  Instead, it produced them as PDF (portable document format) documents.

On January 16, 2020, Jalowsky filed the pending motion to compel Unum to produce these electronically stored documents in Native Format. (Doc. 168)  The defendants filed a response on February 6, 2020.  (Doc. 191)  They argue these documents need not be produced in Native Format because Jalowsky's ESI instructions do not apply.  In the alternative, they argue that documents in Native Format cannot be Bates numbered or stamped with a "confidential" designation, "increasing exponentially the possibility that it would be inadvertently disclosed in violation of the protective order." (Doc. 191, p. 7)

Rule 37(a) authorizes a party to "move for an order compelling disclosure or discovery." Fed.R.Civ.P.  In this case, discovery was authorized by Rule 34. Fed.R.Civ.P.  That Rule reads in pertinent part as follows:

---

[1] Unum also listed a series of perfunctory boilerplate objections that this court need not consider. (Doc. 168-1, p. 14); *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must . . . state with *specificity* the grounds for objecting to the request, including the reasons.") (emphasis added); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege.").

> A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations . . . .
>
> \*       \*       \*
>
> The request . . . may specify the form or forms in which electronically stored information is to be produced . . . .
>
> \*       \*       \*
>
> The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use.

Fed. R. Civ. P. 34(a)(1)(A), 34(b)(1)(C), 34(b)(2)(D)   The court finds that in this case, Jalowsky made a proper request for documents to be produced in Native Format. *See* Fed.R.Civ.P. 34(a)(1)(A), 34(b)(1)(C).

In their response to the pending motion, the defendants argue that Jalowsky's Native Format instruction in his Second Requests for Production does not apply because the documents they produced were not responsive to Request for Production (RFP) 22. The PowerPoint presentation is from 2007, and predates the relevant temporal scope for this Request. (Doc. 191, p. 3)   The Word document contains "personal notes" not the actual presentation itself. *Id*.   Therefore, the defendants reason, neither document is specifically responsive[2] to RFP 22. *Id*.   Nevertheless, the defendants produced the documents "in compromise of a discovery dispute." *Id*.   And because they were produced "in compromise" and not in response to RFP 22, Jalowsky's ESI (electronically stored information) instruction to produce documents in Native Format does not apply.   The court is not persuaded.

---

[2] The court assumes, without deciding, that this is true.

- 3 -

The defendants should have assumed[3] that Jalowsky wanted all ESI to be produced in Native Format even those documents produced "in compromise." *See* Fed.R.Civ.P. 1. If the defendants wanted clarification or objected to producing ESI in Native Format, they should have filed a response in accordance with Rule 34(b)(2)(D) explaining their position and stating the form in which they intended to produce the ESI. Fed.R.Civ.P. Apparently, they did not do so. They simply produced the ESI in the format they preferred.

The defendants did submit a boilerplate objection to the ESI instructions that came with Jalowsky's Second Requests for Production. (Doc. 168-1, p. 13) This boilerplate response, however, is insufficient. It fails to explain[4] specifically why the defendants object to producing *these particular documents* in Native Format and fails to state the form[5] they intend to use as required by Fed.R.Civ.P. 34(b)(2)(B, D).

If the defendants had voiced their objections clearly and timely, in accordance with the Rules, the parties could have conferred and might even have come to a resolution satisfactory to both sides. *See, e.g., United States ex rel Hooper v. Lockheed Martin Corp.*, 2009 WL 10655342, at *3, n. 5 (C.D. Cal. 2009)  (discussing possible methods for compensating for the fact that documents in Native Format cannot be Bates-stamped or

---

[3] Jalowsky asserts that he emailed the defendants explaining that he wanted these documents in Native Format, but it is not clear if the email came before or after the defendants produced the documents. *See* (Doc. 168-1, pp. 23-28)

[4] The defendants' assert that they objected to Jalowsky's ESI instruction because "it significantly increased the risk that confidential information would be inadvertently disclosed." (Doc. 191, p. 4) The court was unable to find this statement in the record. In their boilerplate objection, the defendants stated instead that production of ESI in Native Format "would, in certain circumstances, impose upon PLA an undue burden or cost and require the disclosure of confidential, proprietary and/or trade secret information pertaining to its systems." (Doc. 168-1, p. 13)

[5] The defendants' response actually states that it "will produce responsive documents in hard copy or other reasonably usable format." (Doc. 168-1, p.13) It actually produced the documents in PDF format.

- 4 -

1  marked with confidentiality markers, which seems to be the defendants' current concern).
2  They did not do so.  The defendants' objections to disclosure of ESI in Native Format are
3  waived.  *See Browning v. Lilien*, 2016 WL 4917115, at *5 (S.D. Cal. Sept. 15, 2016)  ("A
4  party who fails to file timely objections to discovery requests waives all objections.").

5        In the alternative, the court addresses the defendants' substantive objection to
6  producing ESI in Native Format.  The defendants argue that documents produced in Native
7  Format cannot be Bates numbered or stamped with a "confidential" designation, "increasing
8  exponentially the possibility that it would be inadvertently disclosed in violation of the
9  protective order."  (Doc. 191, p. 7)  The court is not convinced.

10        The defendants provide no evidence that there is a danger of inadvertent disclosure
11  in this particular case.  Instead, they raise a hypothetical shortcoming of *all* ESI disclosed in
12  Native Format (with the possible exception of documents created originally in PDF or other
13  similar format).  Presumably, the drafters of Rule 34 took this into consideration.  They could
14  have stated that all ESI should be disclosed in a form that permits Bates-stamping such as
15  PDF.  They did not.  They apparently decided that the advantages of allowing the requestor
16  to specify the form of ESI production, in general, outweigh the incremental security
17  advantages that might come with other forms of disclosure.  Absent any information specific
18  to this case, the court will not re-weigh the preferences implicitly embodied in the Rules.
19  *See, e.g., United States ex rel Hooper v. Lockheed Martin Corp*., 2009 WL 10655342, at *3,
20  n. 5 (C.D. Cal. 2009)  ("Although [the] defendant suggests a number of hypothetical
21  problems of providing ESI in its [N]ative [F]ormat, it does not assert that these are actual
22  problems in this case.").

23  //
24  //
25  //
26  //
27
28

- 5 -

1  IT IS ORDERED that the plaintiff's motion, filed on January 16, 2020, to compel the production of electronically stored documents in Native Format is GRANTED. (Doc. 168) The defendants will comply within 30 days of the date this order is issued.

DATED this 15th day of May, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge