**WO**

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

Herbert Jalowsky, M.D., an individual,  )   No. CIV 18-279-TUC-CKJ (LAB)
9                                        )
              Plaintiff,                 )   **ORDER**
10                                       )
vs.                                      )
11                                       )
                                         )
12   Provident Life and Accident Insurance)
     Co., a Tennessee corporation; Unum  )
13   Group, a Delaware corporation,      )
                                         )
14            Defendants.                )
                                         )
15   _____ )

16
          Pending before the court is the plaintiff's motion *in limine*, filed on March 30, 2020,
17
     regarding what evidence is admissible to prove good faith.  (Doc. 283)
18
          Also pending is the plaintiff's motion, filed on May 14, 2020, to stay briefing on his
19
     motion for partial summary judgment and the defendants' cross-motion for partial summary
20
     judgment until his motion *in limine* is resolved.  (Doc. 343)
21
          This is an insurance bad faith action in which the plaintiff, Jalowsky, alleges that the
22
     defendants misclassified his disability as being due to a sickness rather then an injury.  (Doc.
23
     17) This misclassification results in disability benefits lasting for only 42 months rather than
24
     for his lifetime.  (Doc. 17, p. 9) Jalowsky claims that this misclassification resulted from the
25
     defendants' use of processing procedures and financial incentives that improperly minimize
26
     the amount of money it pays its insureds.  (Doc. 17)
27

28

1   In the pending motion, Jalowsky moves *in limine* "for an order precluding defendants
2   from citing or relying on after-acquired evidence or *post hoc* theories and rationales to try
3   to justify Unum's bad faith claims-handling conduct." (Doc. 283)

4   "'*In limine*' has been defined as 'on or at the threshold; at the very beginning;
5   preliminarily.'" *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 462, n.2 (1984)
6   (punctuation modified)  Courts often "use the term in a broad sense to refer to any motion,
7   whether made before or during trial, to exclude anticipated prejudicial evidence before the
8   evidence is actually offered." *Id*.

9   "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings,
10  the practice has developed pursuant to the district court's inherent authority to manage the
11  course of trials." *Luce*, 469 U.S. at 40 n. 4, 105 S. Ct. at 462, n. 4.  The decision to grant a
12  motion *in limine* is "entirely within the discretion of the [c]ourt." *Thompson v. Polaris Indus.*
13  *Inc*., 2019 WL 2173965, at *1 (D. Ariz. 2019)  (punctuation modified)

14  "Motions in limine . . . do not lie to exclude broad categories of evidence." *McColl*
15  *v. Am. Naturopathic Council*, 2018 WL 5283995, at *1 (D. Mont. 2018)  (punctuation
16  modified).  "Rather, motions in limine must specifically identify the evidence at issue and
17  state with specificity why such evidence is inadmissible." *Id*.

18  In the pending motion,  Jalowsky maintains that when evaluating the question of bad
19  faith, the "reasonableness of an insurer's actions in handling a claim must be evaluated as of
20  the time of those actions based on what it knew when it acted." (Doc. 283, p. 3) (*citing*
21  *Mendoza v. McDonald's Corp*., 222 Ariz. 139, 158, n. 31, 213 P.3d 288, 307, n. 31 (App.
22  2009).  He then moves that this court issue an order *in limine* "precluding defendants from
23  citing or relying on after-acquired evidence or *post hoc* theories and rationales to try to
24  justify Unum's bad faith claims-handling conduct." (Doc. 283)  He does not specify what
25  evidence or theories the defendant might offer at trial.

26  Jalowsky's motion fails to provide the specificity necessary for a motion in limine.

27
28

1   In the absence of this specificity, the court's order would, as the defendant notes, be little

2   more than an affirmation that "irrelevant evidence should not be admitted." (Doc. 310, p. 1)

3   Such an order would be of little use to either party.  *See, e.g., McColl v. Am. Naturopathic*

4   *Council*, 2018 WL 5283995, at *2 (D. Mont. 2018)  (Motion *in limine* to "to exclude any

5   new information unknown to the insurer at the time it adjusted the claim" denied as lacking

6   the necessary specificity.).

7

8          IT IS ORDERED that the plaintiff's motion *in limine*, filed on March 30, 2020,

9   regarding what evidence is admissible to prove good faith is DENIED  (Doc. 283)

10          IT IS FURTHER ORDERED that the plaintiff's motion, filed on May 14, 2020, to

11   stay briefing on his motion for partial summary judgment and the defendants' cross-motion

12   for partial summary judgement until his motion *in limine* is resolved is GRANTED in PART.

13   (Doc. 343)  The plaintiff's deadline for filing his reply brief in support of his motion for

14   partial summary judgment and his response brief in opposition to the defendants' cross-

15   motion for partial summary judgment is now June 19, 2020.

16          DATED this 19th day of May, 2020.

17

18

19   _____

20          Leslie A. Bowman
            United States Magistrate Judge

21

22

23

24

25

26

27

28