**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Herbert Jalowsky, M.D., an individual, | ) | No. CV 18-279-TUC-CKJ (LAB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Provident Life and Accident Insurance | ) | |
| Co., a Tennessee corporation; Unum | ) | |
| Group, a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pending before the court is the plaintiff's motion, filed on February 7, 2020, to strike the defendants' deposition corrections. (Doc. 192)  The defendants filed a response on February 28, 2020. (Doc. 208)  The plaintiff filed a reply on March 6, 2020. (Doc. 224)

This is an insurance bad faith action in which the plaintiff, Jalowsky, alleges that the defendants misclassified his disability as being due to a sickness rather than an injury. (Doc. 17) This misclassification results in disability benefits lasting for only 42 months rather than for his lifetime. (Doc. 17, p. 9) Jalowsky claims that this misclassification resulted from the defendants' use of processing procedures and financial incentives that improperly minimize the benefit amounts that it pays. (Doc. 17)

On October 4, 2019, the plaintiff took the deposition of Alan Neuren, M.D., who evaluated Jalowsky's disability claim for the defendants. (Doc. 192, p. 2); (Doc. 192-1, p. 68) After the deposition, Neuren gave the plaintiff an errata sheet containing six corrections

1   to his deposition answers.  (Doc. 192-1, p. 68)  In the pending motion, Jalowsky moves to

2   strike those corrections as a violation of Rule 30(e).  Fed.R.Civ.P.

3          The Rule reads in pertinent part as follows:

4          On request by the deponent or a party before the deposition is completed, the
           deponent must be allowed 30 days after being notified by the officer that the
5          transcript or recording is available in which:

6          (A) to review the transcript or recording; and

7          (B) if there are changes in form or substance, to sign a statement listing the
           changes and the reasons for making them.

8   Fed. R. Civ. P. 30(e)(1).

9          The Rule explicitly permits a party to make changes "in form or substance." *Id*.  But

10  in *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc*., 397 F.3d 1217, 1226 (9th Cir.

11  2005), the Ninth Circuit addressed the scope of the Rule and held[1] that "Rule 30(e) is to be

12  used for corrective, and not contradictory, changes."

13         "The Rule cannot be interpreted to allow one to alter what was said under oath."

14  *Hambleton Bros*., 397 F.3d at 1225  (*quoting  Garcia v. Pueblo Country Club*, 299 F.3d

15  1233, 1242 n. 5 (10th Cir. 2002)).  "If that were the case, one could merely answer the

16  questions with no thought at all then return home and plan artful responses."  *Id*.

17  "Depositions differ from interrogatories in that regard."  *Id*.  "A deposition is not a take home

18  examination."  *Id*.

19         In this case, three of Neuren's corrections supplement Neuren's deposition with extra

20  information that Neuren apparently did not think to add at the time.  (Doc. 192-1, p. 68) In

21  the first correction, he adds a reference on cerebral contusions.  *Id*.  In the second correction,

22  he adds a qualification to the effect that while he could have asked to interview Jalowsky

23

24  _____

25         [1]  In their response, the defendants cite *Cramton v. Grabbagreen Franchising LLC*,
      2019 WL 7048773 *17 (D. Ariz. 2019), for the proposition that this statement from
26  *Hambleton Bros*. is "arguably dicta."  (Doc. 208, p. 5)  This court does not agree.  The
      *Hambleton Bros*. court used the verb "hold" before this proposition of law, and this court
27  takes the Ninth Circuit at its word.

28                                    - 2 -

about one of his injuries, such an interview would likely have been unhelpful due to the passage of time between the injury and the interview.  *Id*.  In the sixth correction, Neuren adds that there is an appeal process for claimants who disagree with a reviewing physician's medical opinion.  *Id*.  These changes seem corrective rather than contradictory.

The remaining three corrections are more problematic.  In each of these corrections, Neuren states simply that where he gave an affirmative "Yes" to a deposition question, he meant "No."  *Id*.

The third correction involves the following exchange:  Neuren was asked, "You're basing your etiology decision in part on – or, it seems, largely on the emergency room records.  Is that fair to say?" (Doc. 192-1, p. 45) Neuren answered, "Yes."  *Id*.  He now says the answer should have been "No" because "With consideration, although the emergency room records were significant, I did not largely rely on these records."  (Doc. 192-1, p. 68)

This seems to be a paradigmatic example of a "contradictory" change beyond the scope of Rule 30(e).  A deponent is not supposed to return home and, after the benefit of calm reflection, compose the best answer to the attorney's questions.  Otherwise, it would be an expensive interrogatory.  *See Hambleton Bros*., 397 F.3d at 1225 (*quoting  Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002)).

The fourth correction involves the following exchange:

Q  When you do reviews as a DMO, you have to consider all of the medical

conditions that may affect the insured; true?

A  True

Q  Did you consider pain?

A  I considered it to some extent.

Q  Did you –

A  Not completely.

Q  Is that something you think you should have done more of at the time?

A  Perhaps

1    Q  Is that a "yes"?

2    A  Yes.

3    (Doc. 192-1, p. 59)  In his list of corrections, Neuren states that his "Yes" should have been

4    "No" because "Whether or not I considered pain, I did not fail to comply with RSA."  (Doc.

5    192-1, p. 68)  The RSA (Regulatory Settlement Agreement) discusses, among other things,

6    rules for evaluating the medical opinion of an attending physician.  (Doc. 192-1, p. 83)

7         Again, this appears to be a forbidden "contradictory" change offered after subsequent

8    consideration.   Neuren changes a "Yes" to a "No."   The change is nothing if not

9    contradictory.  Furthermore, Neuren's change is not explained by his stated "reason."  He

10   purports to change his implicit answer "Yes, I think I should have considered pain more

11   completely" to "No, I don't think I should have considered pain more completely."  But the

12   "reason" for the change does not explain why "Yes" was wrong and "No" is right.  The

13   "reason" seems to say that the answer to the question is irrelevant on the issue of whether he

14   complied with RSA.  But if the answer is irrelevant, why change it?  Why is it wrong?

15   Neuren does not say.

16        The fifth change involves the following deposition exchange:

17   Q  Pain is contributing to his cognitive decline, isn't it?

18   *     *     *

19   A  No. That, I'm not sure of.

20   Q  Okay.  More investigation would be needed?

21   A  Could be.

22   Q  Is that a "yes"?

23   *     *     *

24   A  Yes.

25   (Doc. 192-1, p. 60)  Neuren states in his list of corrections that his "Yes" should have been

26   "No" because "Whether or not I considered pain, I did not fail to comply with RSA."  (Doc.

27   192-1, p. 68)

28
                                              - 4 -

1    Again Neuren proposes a "contradictory" change without a satisfying rationale.  After

2    reflection, he now believes that "More investigation of the plaintiff's pain would *not* be

3    needed to determine for sure if it was contributing to his cognitive decline."   And more

4    investigation is not needed because, "Whether or not I considered pain, I did not fail to

5    comply with RSA."   Again, Neuren's "reason" seems to address a question that was not

6    asked and fails to explain why his "Yes" should be changed to "No."  The court concludes

7    that the third, fourth, and fifth changes in Neuren's list of deposition corrections are

8    "contradictory" and not justified by a sufficient reason.  They are beyond the scope of the

9    Rule 30(e).

10    The defendants argue to the contrary that *Hambleton Bros.* does not forbid

11    "contradictory" changes under Rule 30(e), at least not where there is an absence of evidence

12    that the changes "were made for purely strategic reasons." (Doc. 208, p. 5)  The court agrees

13    that *Hambleton Bros*. was a particularly egregious case where the catalyst for the proposed

14    changes appeared to be the opposing party's motion for summary judgment.  *See Hambleton*

15    *Bros. Lumber Co. v. Balkin Enterprises, Inc*., 397 F.3d 1217, 1225 (9th Cir. 2005).  In this

16    case, when Neuren's corrections were offered, there was no motion for summary judgment

17    pending.[2]  Nevertheless, the court does not believe that a pending motion for summary

18    judgment is a requirement for finding that a party's changes are being made for strategic

19    reasons.  In this case, Neuren lives in Texas and cannot be subpoenaed to testify by the

20    plaintiff.  (Doc. 224, p. 8)  The only way the plaintiff can present his testimony to the jury

21    at trial would be through introduction of his deposition.  And the deposition corrections,

22    seem to be designed to minimize the usefulness of that deposition on the plaintiff's bad faith

23    claim.  Assuming without deciding that a "strategic reason[]" is a necessary prerequisite for

24    striking a proposed deposition correct, the court finds that deposition changes 3, 4, and 5

25    were made for strategic purposes.

26

27    [2] There are now two.

28    - 5 -

1    IT IS ORDERED that the plaintiff's motion to strike the defendants' deposition

2  corrections, filed on February 7, 2020 is GRANTED in PART.  (Doc. 192)  Neuren's

3  deposition changes 3, 4, and 5 are Stricken.

4

5    DATED this 15th day of June, 2020.

6

7

8

9                                    Leslie A. Bowman

10                                  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28