**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, ) | No. CV 18-279-TUC-CKJ (LAB) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Provident Life and Accident Insurance ) Co., a Tennessee corporation; Unum ) Group, a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Pending before the court is the defendants' motion, filed on March 12, 2020, to quash a subpoena and for a protective order. (Doc. 247) The plaintiff filed a response on March 17, 2020. (Doc. 261) The defendants filed a reply on March 26, 2020. (Doc. 279)

This is an insurance bad faith action in which the plaintiff, Jalowsky, alleges that the defendants misclassified his disability as being due to a sickness rather than an injury thereby reducing his benefits. (Doc. 17) In the pending motion, the defendants move, pursuant to Fed.R.Civ.P. 45, to quash a subpoena the plaintiff intends to issue against his own counsels' law firm for documents that the defendant Unum Group disclosed in a previous lawsuit, subject to a protective order. (Doc. 247)

The plaintiff's counsels' law firm is currently in possession of documents that it received in the normal course of discovery from the defendant Unum Group in a prior lawsuit, *Biliack v. The Paul Revere Life Insurance Co.; et al.* CV 16-3631-PHX-DJH. (Doc.

1  247, p. 2) Those documents were disclosed pursuant to a protective order issued by the
2  *Biliack* court in October of 2017. *Id*. The protective order specifies that material designated
3  "confidential," as was the material here, may be used only in connection with the case at bar,
4  and may not be disclosed for other purposes. *Id*., pp. 2-3.

5  After the time for discovery in this case passed, the plaintiff's counsel sought
6  permission from the defendants to use those same documents in the pending action. *Id*., p.
7  3. The defendants denied permission. *Id*. Subsequently, the plaintiff filed a "Notice of
8  Intent to Issue Document Subpoena (F.R.C.P. 45(a)(4))" indicating that he intends to
9  subpoena his own counsels' law firm for the documents that are subject to the protective
10 order in *Biliack*. (Doc. 221-2, p. 2)

11 On March 12, 2020, the defendants filed the pending motion, pursuant to Fed.R.Civ.P.
12 45, to quash the noticed subpoena and for a protective order. (Doc. 247)

13 Rule 45 reads in pertinent part as follows:

14 On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
15 
\*       \*       \*
16 
17 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . .

18 Fed. R. Civ. P. 45(d)(3)(A).

19 In this case, the documents designated by the noticed subpoena are subject to a
20 protective order issued by the *Biliack* court. No exception or waiver appears to apply.
21 Accordingly, the defendants' motion to quash pursuant to Rule 45(d)(3)(A)(iii) should be
22 granted. *See, e.g., Savant Sys., LLC v. Crestron Elecs., Inc*., 2012 WL 987404, at \*4 (E.D.
23 Pa. 2012) (granting motion to quash subpoena for documents subject to stipulated protective
24 order in a different lawsuit). The defendants also move for a protective order, but its brief
25 does not address that issue other than to say that the documents are currently subject to a
26 protective order in *Biliack*.

27
28

1 Jalowsky argues in his response that the documents he seeks are relevant to the pending action. (Doc. 261, pp. 1-3)  That might be so, but their relevance does not constitute an exception to the protective order pursuant to which they were originally disclosed.  Jalowsky further maintains that the defendants knew that his law firm possessed the documents and that he intended to use those documents in the pending action.  (Doc. 261, p. 3)  Again, he fails to explain why those facts constitute an exception to or a waiver of the Rule.

Jalowsky notes that on previous occasions, Unum Group (Unum) permitted a third party to disclose documents to him subject to the protective order in the pending case.  It is not clear, however, why Jalowsky believes that Unum's previous cooperation acts as some sort of waiver of its right to insist that the *Biliack* protective order be enforced here.  He does not, for example, argue that Unum's previous actions were part of an intentional ruse designed to sandbag him once it was too late to seek the documents through normal discovery.

Jalowsky asserts that the documents are part of his counsels' "composite knowledge," and "Unum is incapable of eliminating that knowledge. . . ."  (Doc. 261, p. 4)  The court agrees; knowledge cannot be eliminated.  And counsel could have used that knowledge, for example, by crafting a specific subpoena duces tecum and serving it on Unum.  Counsel did not do that.  Instead, counsel chose to subpoena the documents in a manner that violates Rule 45(d)(3)(A)(iii).

Finally, Jalowsky states that if the documents are disclosed, he is willing to take them subject to the protective order in this action.  He has not, however, "cited any authority for the proposition that the existence of another protective order constitutes the type of 'exception' contemplated by Rule 45(d)(3)(A)(iii)."  *Savant Sys., LLC v. Crestron Elecs., Inc.*, 2012 WL 987404, at *4 (E.D. Pa. 2012).

1   IT IS ORDERED that the defendants' motion, filed on March 12, 2020, to quash a
2 subpoena and for protective order is GRANTED in PART.  (Doc. 247)   The document
3 subpoena to Friedman/Rubin, PLLP for documents subject to the protective order in *Biliack*
4 *v. The Paul Revere Life Insurance Co.; et al*. CV 16-3631-PHX-DJH is QUASHED.

6   DATED this 18th day of June, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 4 -