**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>)<br>Provident Life and Accident Insurance)<br>Co., a Tennessee corporation; Unum)<br>Group, a Delaware corporation,  )<br>)<br>Defendants.  )<br>)<br>_____) | No. CV 18-279-TUC-CKJ (LAB)<br><br>**ORDER** |

Pending before the court is the plaintiff's motion, filed on March 3, 2020, to preclude the expert testimony of Ernest Patrick Smith pursuant to Fed.R.Civ.P. 37(c). (Doc. 214) The defendants filed a response on March 17, 2020 and a supplement on March 24, 2020. (Docs. 262, 273) The plaintiff filed a reply on April 9, 2020. (Doc. 306)

This is an insurance bad faith action in which the plaintiff, Jalowsky, alleges that the defendants misclassified his disability as being due to a sickness rather than an injury thereby reducing the amount of his benefits. (Doc. 17)

In the pending motion, the plaintiff moves, pursuant to Fed.R.Civ.P. 37(c), to preclude testimony from the defendants' expert, Ernest Patrick Smith, for failing to file a timely report. (Doc. 214)

The plaintiff, Jalowsky, is disabled due to Mild Cognitive Impairment (MCI) (Doc. 262, p. 2) He maintains that this impairment was caused by an automobile accident that resulted in post-concussion syndrome. *Id.* On October 1, 2019, Jalowsky's medical partner, Dr. Richard Rubin, testified during a deposition that "he witnessed a decline in Dr. Jalowsky's production following the motor vehicle accident." (Doc. 262, p. 3) In an effort to verify this assertion, the defendants engaged the services of an expert witness, Ernest Patrick Smith, and subpoened documents from the medical practice, Arizona Community Physicians (ACP), on October 9, 2019. (Doc. 262, p. 3) The parties subsequently stipulated to an extension of the expert witness deadline to October 29, 2019. (Doc. 262, p. 3)

ACP disclosed "production data" documents on October 24, 2019. (Doc. 262, pp. 3-4) Unfortunately, the data disclosed was incomplete. (Doc. 262, p. 4) A letter accompanying the disclosure explained that the documents "did not include services performed at ACP's laboratory or radiology department, since these services are reported under a different National Provider Identifier (NPI) and not performed by a doctor." (Doc. 262, p. 4) The letter also disclosed that some of the services that were listed under the provider name, Dr. Herbert Jalowsky, may have been performed by a substitute physician when Jalowsky was not at work. (Doc. 262, p. 4)

On October 29, 2019, the defendants served Smith's expert disclosure statement on the plaintiff pursuant to Fed.R.Civ.P. 26(a)(2)(B)(i). (Doc. 214, p. 1) The statement, however, indicated that while Smith had received documents on October 25, 2019, he was unable to complete his analysis in light of the qualifications given in the ACP letter. He explained that "additional documentation will need to be collected relevant to the data set forth in that report." (Doc. 214, p. 2)

The defendants served a second subpoena for documents on ACP on or about November 18, 2019. (Doc. 262, pp. 4-5); (Doc. 147-1) ACP failed to timely respond, which forced the defendants "to follow up with ACP on multiple different occasions over the course of the next two months." (Doc. 262, p. 5) It eventually disclosed responsive documents on

January 24, 2020. (Doc. 262, p. 5) Smith reviewed the documents and submitted a supplemental report on March 12, 2020. *Id.*

In the pending motion, the plaintiff moves, pursuant to Fed.R.Civ.P. 37(c), to preclude Smith's expert testimony for failing to file a timely report. (Doc. 214)

Discussion

Pursuant to Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. Rule 26(a)(2), in turn, requires each party to disclose the identity of that party's expert witnesses and accompany that disclosure with a written report. Fed.R.Civ.P. That report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i).

In this case, the defendants failed to disclose their expert's written report by the disclosure deadline in accordance with Rule 26(a)(2). The report they did disclose did not contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i). This witness may not testify at trial "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

The court finds that the failure was substantially justified. Smith was unable to provide his report by the October 29, 2019 deadline because the documents he received from ACP were inadequate. He did not receive adequate discovery until January 24, 2020. (Doc. 262, p. 5) One could argue that it was the defendants' failure to subpoena the correct documents earlier that resulted in the missed deadline, but considering ACP's idiosyncratic method of bookkeeping and its failure to timely respond to the defendant's second subpoena, it seems more likely that the failure here was ACP's and not the defendants'. *See* (Doc. 262, p. 5)

- 3 -

1
2       IT IS ORDERED that the plaintiff's motion, filed on March 3, 2020, to preclude the
3  expert testimony of Ernest Patrick Smith pursuant to Fed.R.Civ.P. 37(c) is DENIED  (Doc.
4  214)
5
6       DATED this 19th day of June, 2020.
7
8
9
10                              *Leslie A. Bowman*
                                Leslie A. Bowman
11                              United States Magistrate Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28