**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, ) | No. CV 18-279-TUC-CKJ (LAB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Provident Life and Accident Insurance ) Co., a Tennessee corporation; Unum ) Group, a Delaware corporation, ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the court is the plaintiff's motion, filed on March 18, 2020, to "compel the production of unredacted audit trail documents or legally adequate privilege log." (Doc. 266) The defendants filed a response on April 1, 2020. (Doc. 300) The plaintiff filed a reply on April 9, 2020. (Doc. 305)

Also pending is the defendants' motion, filed on April 17, 2020, that the court "disregard new arguments and evidence in plaintiff's reply brief or, in the alternative, motion for leave to file a sur-reply." (Doc. 316) The plaintiff filed a response on April 21, 2020. (Doc. 323) The defendants filed a reply on April 24, 2020. (Doc. 328)

This is an insurance bad faith action in which the plaintiff, Jalowsky, alleges that the defendants misclassified his disability as being due to a sickness rather than an injury which reduced the amount of his benefits. (Doc. 17) In the pending motion, the plaintiff moves,

pursuant to Fed.R.Civ.P. 37, 26 and LRCiv 37.1, that this court compel the defendants to produce an unredacted audit trail for work performed on his claim for benefits.

Background

In the course of discovery, Jalowsky served on the defendants Request for Production 26 seeking "a complete audit trail for all work performed on Dr. Jalowsky's claim." (Doc. 266, p.2) "An audit trail is a log that documents each time a claim file is accessed by any Unum personnel." *Id.* "It identifies the date and time of access and the employee who accessed it." *Id.*

The defendants subsequently produced audit trail documents in response to the Request, but those documents contained redactions that eliminated all information for certain entries. *See, e.g.,* (Doc. 266-6, p. 5) (redacting all information for Entries 937, 943, 950, 953, 959, 960, 961, 967, 969 and 970) When Jalowsky objected to the redactions, the defendants explained that those redactions "are for activities performed by legal personnel." (Doc. 266, p. 3) The defendants informed Jalowsky that they "assert[] attorney-client privilege for those activities performed before Plaintiff filed his Complaint" and "assert[] attorney-client privilege and work product for those activities performed after Plaintiff filed his Complaint." *Id.* Jalowsky asked for the identification of those "legal personnel," but the defendants refused to supply that information. (Doc. 266, p. 4)

On March 18, 2020, Jalowsky filed the pending motion seeking an unredacted audit trail or a privilege log. (Doc. 266) In their response, the defendants report that they have amended their initial disclosure and produced audit trail documents with a reduced level of redaction. *See* (Doc. 300) For example, in the first set of audit trail documents, no information for Entry 943 was disclosed. Now, the audit trail documents show for Entry 943 that on 2019-5-22, at 10:58 a.m., Cesar Britos accessed Jalowsky claim folder. (Doc. 300, p. 48) Cesar Britos is "the Unum in-house litigation counsel assigned to Dr. Jalowsky's

1  current lawsuit." (Doc. 266, p. 2)  The current documents still redact[1] information from
2  "Column B," under the heading "Description," which would identify what Britos did when
3  he accessed the folder. (Doc. 300, p. 48); (Doc. 266-3, p. 2)  The "Description" column is
4  not very wide, so the descriptions are relatively short – e.g., View Folder, Create Activity,
5  Activity Completed, and Activity Completion Notification Completed. (Doc. 300, pp. 47-48)
6  Jalowsky argues that the defendants must disclose this information to prove that these "legal
7  personnel" were really performing legal duties and not claims adjustment activities, which
8  are not privileged. (Doc. 266, p. 4) (citing Fed.R.Civ.P. 26(b)(5)(A)(i)-(ii))

10  Discussion
11  Pursuant to Rule 37(a)(3)(B)(iv):

12  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party
13  fails to produce documents . . . as requested under Rule 34.

14  Fed.R.Civ.P. Rule 34, in turn, permits a party to make "a request within the scope of Rule
15  26(b) . . . to produce . . . any designated documents or electronically stored information . .
16  . ."   Fed.R.Civ.P.   And, Rule 26(b)(1) permits discovery requests "regarding any
17  nonprivileged matter that is relevant to any party's claim or defense. . . ."   Fed.R.Civ.P.
18  In this case, Jalowsky moves pursuant to Rule 37(a)(3)(B)(iv) for an order compelling
19  the defendants to remove the redactions from the audit trail documents to enable him to see
20  what activities the legal personnel were pursuing when they accessed his claim file. (Doc.
21  266) Jalowsky notes that some attorney activities are not privileged from discovery because
22  they do not involve legal activities. For example, if an attorney were performing simple
23  claims processing duties, an activity ordinarily performed by a non-attorney, those activities
24  would not be covered under the attorney-client privilege. (Doc. 266, p. 4) Jalowsky believes

---

[1] The documents also redact all information from Column D, which is labeled "UserId." (Doc. 300, p. 48); (Doc. 266-3, p. 2) Jalowsky does not object to this redaction. (Doc. 305, p., 3)

- 3 -

that some of the redacted entries may relate to non-legal duties. He therefore insists that the defendants remove the redactions from the audit trail documents, so he can see for himself.

The defendants, on the other hand, maintain that the "protected information constitutes opinion work product because it reflects the mental impressions and strategy of counsel developed in anticipation of litigation." (Doc. 300, p. 4)   A party seeking this type of information must demonstrate a "compelling need," and Jalowsky, they argue, has not done so. *Id.*, (*citing Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992))

The court concludes that the defendants' amended disclosure is sufficient to comply with the Rules of Civil Procedure. When asserting a privilege, the proponent must reveal enough information to allow the opposing party to adequately assess the claim of privilege without revealing the privileged information. Rule 26(b)(5)(A)(ii) reads in pertinent part as follows:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed.R.Civ.P.

"The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection." Fed.R.Civ.P. 26, Advisory Committee Notes, 1993 Amendment. "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." *Id.* "The level of detail required to identify the information being withheld on a claim of privilege without breaching the privilege is likely a matter that can only be determined on a case-by-case basis." *Zelaya v. H&F Transportation, Inc.*, 2016 WL 11583012, at *4 (W.D. Tex. 2016).

1       In this case, the amended audit trail documents reveal each instance when a member of Unum's legal staff accessed Jalowsky's claim file. The name of the staff member is disclosed along with the time that the file was accessed. The defendants assert that each staff member was engaged in activity protected by the attorney-client or the work product privilege. The only information withheld is the two, three, or four word "Description" of each activity.

       Jalowsky argues that the defendants must disclose this "Description" in order for him to properly assess the defendants' claim that the information is privileged. Unfortunately, the "Description" is the only information that the defendants seek to protect. If the defendants were required to disclose the "Description" in order to claim the privilege, the privilege would be lost in the same breath with which it was asserted. Fortunately, the Rule does not require this. The Rule states that the nature of the privileged entry must be described "without revealing information itself privileged or protected." Fed.R.Civ.P. 26(b)(5)(A)(ii). The defendants have described the nature of the privileged entries as well as possible under the unique circumstances presented here. *See* Fed.R.Civ.P. 26, Advisory Committee Notes, 1993 Amendment ("In rare circumstances some of the pertinent information affecting applicability of the claim . . . may itself be privileged; the rule provides that such information need not be disclosed."). Accordingly,

       IT IS ORDERED that the plaintiff's motion, filed on March 18, 2020, to "compel the production of unredacted audit trail documents or legally adequate privilege log" is DENIED. (Doc. 266) IT IS FURTHER ORDERED that the defendants' motion, filed on April 17, 2020, that the court "disregard new arguments and evidence in plaintiff's reply brief or, in the alternative, motion for leave to file a sur-reply" is DENIED as MOOT. (Doc. 316)

       DATED this 25th day of June, 2020.

                                        _____
                                        Leslie A. Bowman
                                        United States Magistrate Judge