**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, ) | No. CV 18-279-TUC-CKJ (LAB) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Provident Life and Accident Insurance ) | |
| Co., a Tennessee corporation; Unum ) | |
| Group, a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Pending before the court is the plaintiff's motion, filed on March 30, 2020, to preclude the expert testimony of Joseph Vaughan, M.D., pursuant to Fed.R.Civ.P. 37(c). (Doc. 286) The plaintiff filed an unredacted copy of the motion under seal on March 31, 2020. (Doc. 298) The defendants filed a response on April 20, 2020. (Doc. 321) The plaintiff filed a reply on April 27, 2020. (Doc. 329)

This is an insurance bad faith action in which the plaintiff, Jalowsky, alleges that the defendants misclassified his disability as being due to a sickness rather than an injury thereby reducing the amount of his benefits. (Doc. 17)

Jalowsky maintains that he is disabled due to Mild Cognitive Impairment (MCI) (Doc. 321, p. 1) "Vaughan is a Dallas-area neurologist." *Id*. The defendants retained Vaughan to "address the primary medical issue in this lawsuit: whether Plaintiff suffered a concussion in a motor vehicle accident nearly five years before he stopped working and, if

so, whether that concussion caused or contributed to his Mild Cognitive Impairment . . . ." *Id.*

In the pending motion, the plaintiff moves, pursuant to Fed.R.Civ.P. 37(c), to preclude testimony from the defendants' expert, Joseph Vaughan, M.D., for failing to file a timely report. (Doc. 284); (Doc. 298)

Discussion

Pursuant to Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed.R.Civ.P. Rule 26(a)(2), in turn, requires each party to timely disclose the identity of that party's retained expert witnesses and accompany that disclosure with a written report. Fed.R.Civ.P. That report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

- 2 -

1 Fed. R. Civ. P. 26(a)(2)(B).  The district court is accorded "particularly wide latitude" . . .
2 "to issue sanctions under rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259
3 F.3d 1101, 1106 (9th Cir. 2001).  Sanctions may be imposed without a showing of
4 "willfulness, fault, or bad faith." *Id*.  "[T]he burden is on the party facing sanctions to prove
5 harmlessness." *Id*., p. 1107.

6       In this case, October 29, 2019 was the deadline for disclosure of experts and their
7 reports. (Doc. 286, p. 1)  On that date, the defendants disclosed neurologist Joseph Vaughan
8 as a retained expert and submitted his report.  (Doc. 286, p. 1)  They did not, however,
9 disclose Vaughan's "qualifications," "a list of all other cases in which, during the previous
10 4 years, the witness testified as an expert at trial or by deposition," or "a statement of the
11 compensation to be paid for the study and testimony in the case" as required by Fed.R.Civ.P.
12 26(a)(2)(B)(iv, v, vi).  (Doc. 286-2, pp. 3-4)

13       On February 10, 2020, approximately four months later, and eleven days before
14 Vaughan's scheduled deposition in Dallas, the defendants supplemented their disclosure.
15 (Doc. 286, p. 6);  (Doc. 286-2, p. 8)  The supplemental report still failed to disclose
16 Vaughan's "qualifications."   (Doc. 286-2, pp. 7-8)  The supplemental report did list two
17 cases in which Vaughan testified as an expert during the previous four years, *Forsyth v.*
18 *Delaria* and *Lyles v. Hess*.  *Id*.  The supplemental report further stated that "Vaughan's
19 compensation for reviewing records and deposition preparation is $500 an hour." *Id.*

20       On February 18, 2020, three days before the deposition and the day before Jalowsky's
21 counsel was scheduled to fly to Dallas, the defendants further supplemented their disclosure
22 by informing Jalowsky that Vaughan's deposition charges are as follows: "2 hours – $3,750;
23 4 hours – $7,500; 4-8 hours – $15,000."  (Doc. 286-2, p. 14);  (Doc. 286-1, p. 3)

24       The Vaughan deposition was held on February 21, 2020.  (Doc. 321, p. 1)  When
25 asked  about the number of depositions he had given over the previous four years, Vaughan
26 gave varying estimates such as "nine or ten times," "probably nine to 12. Something like
27 that," "a dozen to 15," and "12, 15 depositions at the most."  (Doc. 321, p. 2)

28
- 3 -

1   After the pending motion was filed, one month after the deposition, the defendants
2   disclosed Vaughan's Curriculum Vitae. (Doc. 321, p. 1)  On April 22, 2020, two months
3   after the deposition, the defendants disclosed three additional cases at which Vaughan
4   testified as an expert: *Sanchez v. Mulligan's 2nd Hole*, *Bray v. Hunt*, and *Olivas v. Western
5   Border Enterprises*.  (Doc. 329-1, p. 15)

6   In the pending motion, Jalowsky explains that the defendants' failure to provide
7   timely expert disclosure adversely affected his ability to properly prepare for and conduct
8   Vaughan's deposition.  If the defendants had timely disclosed Vaughan's Curriculum Vitae,
9   Jalowsky would have discovered that Vaughan "is not a concussion or brain injury
10  specialist."  (Doc. 329, p. 3)  "Rather he is a job-hopping facial pain and headache
11  specialist." *Id*.  If he had known that, Jalowsky would have researched and raised this issue
12  at the deposition.  He suggests he might even have filed a *Daubert* motion if he knew about
13  this mismatch beforehand.

14  Jalowsky asserts that if the defendants had timely disclosed all of the cases in which
15  Vaughan had testified as an expert, he would have sought out those depositions and the
16  attorneys who deposed Vaughan in the past. (Doc. 286-1, pp. 4-8)  Had he timely access to
17  those sources, he likely would have discovered that Vaughan tends to give extremely verbose
18  answers.  He would have been ready for that and could have devised strategies to
19  compensate.  Jalowsky concludes that the defendants' failure to timely disclose a complete
20  expert report  prejudiced his ability to conduct Vaughan's deposition "in ways that are still
21  unknown and unknowable."  (Doc. 286-1, p. 8)  Jalowsky further argues that the defendants'
22  untimely disclosure of Vaughan's "jaw-dropping deposition rates" after he had already
23  booked his flight, hotel room, conference room, court reporter, and videographer prevented
24  him from canceling the deposition or  raising the issue before the court.

25  In this case, the defendants failed to timely disclose their expert's complete written
26  report in accordance with Fed. R. Civ. P. 26(a)(2)(B).  The report they initially disclosed did
27  not contain Vaughan's "qualifications," "a list of all other cases in which, during the previous

28
- 4 -

1 4 years, the witness testified as an expert at trial or by deposition," or "a statement of the
2 compensation to be paid for the study and testimony in the case" as required by Fed.R.Civ.P.
3 26(a)(2)(B)(iv, v, vi). (Doc. 286-2, pp. 3-4) Their supplemental report included some, but
4 not all, of the cases in which Vaughan testified as an expert. They eventually did provide a
5 statement of Vaughan's compensation rates but not until the eve of the deposition. To avoid
6 sanctions, it is the defendants' burden to show that its failure was substantially justified or
7 harmless.

8 The defendants assert generally that Jalowsky's "complaints are hypocritical given
9 [his] late disclosures just before defense counsel was to depose [his] experts." (Doc. 321, p.
10 4) The defendants, however, do not cite any case law for the proposition that a party is
11 substantially justified in breaching a disclosure rule if the opposing party has done the same
12 on a prior occasion. And it should come as no surprise that the court has found none either:
13 "The federal rules . . . contain no provision authorizing a litigant to behave only as well as
14 his opponent." *Acushnet Co. v. Birdie Golf Ball Co.*, 166 F.R.D. 42, 43 (S.D. Fla. 1996).
15 "Instead, they require the utmost good faith of attorneys at all times." *Id*.

16 On the issue of Vaughan's "qualifications," the defendants assert first that they "did
17 not realize until Plaintiff's motion [was filed] that [Vaughan's] curriculum vitae was not
18 provided. . . ." (Doc. 321, p. 1) The record does not support that statement. The defendants'
19 expert disclosure, dated October 29, 2019, states the promise, "Will supplement," under the
20 disclosure category, "the witness's qualifications, including a list of all publications authored
21 in the previous 10 years." (Doc. 286-2, p. 3) Their supplement, dated February 10, 2020,
22 states the same promise under the same disclosure category. (Doc. 286-2, p. 7) The record
23 indicates that the defendants knew that they failed to timely make this disclosure, and failed
24 to remedy this error at least as late as February 10, 2020. They assert that Vaughan's
25 "biography" is available at LinkedIn, but they do not attach a copy of that "biography" to
26 their response. Absent any evidence to the contrary, the court cannot assume a "biography"
27
28

serves to present an expert witness's "qualifications" for the purposes of Fed.R.Civ.P. 26(a)(2)(B)(iv).

On the "list of cases" issue, the defendants argue first that Jalowsky was not prejudiced because the two disclosed cases "may be" . . . "the only two *cases* in which Dr. Vaughan testified as an expert during that time period." (Doc. 321, p. 5) (emphasis in original) They acknowledge that Vaughan testified at the deposition that he was "deposed for medical-legal work about 9 or 10 times," but they suggest that Vaughan might not have understood the meaning of the word "deposition." (Doc. 321, p. 5) They do not support their argument with an affidavit from Vaughan.

It strains credulity to believe that an expert medical witness who charges $7500 for a four-hour deposition could be confused about the meaning of the word "deposition." Moreover, it is the defendants' responsibility, not Vaughan's, to comply with the Rules. It is their responsibility to make sure he understands what a "deposition" is and timely disclose a list of all cases "in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed.R.Civ.P. 26(a)(2)(B)(v).

Since filing their response brief, the defendants have candidly disclosed three additional cases at which Vaughan testified as an expert: *Sanchez v. Mulligan's 2nd Hole*, *Bray v. Hunt*, and *Olivas v. Western Border Enterprises*. (Doc. 329-1, p. 15) Apparently, Vaughan was not entirely confused about the meaning of the word "deposition."

The defendants further argue that Jalowsky was not prejudiced in his deposition preparation because he did not affirmatively state that he made use of their disclosure of the two cases, *Forsyth v. Delaria* and *Lyles v. Hess*. They reason that if Jalowsky did not take advantage of those cases, then their failure to disclose *Sanchez v. Mulligan's 2nd Hole*, *Bray v. Hunt*, and *Olivas v. Western Border Enterprises* and any other cases that they might not have discovered yet, was not prejudicial. *See* (Doc. 329-1, p. 15) The court agrees that Jalowsky's silence on this point is some evidence in the defendants' favor. The court notes, however, that *Forsyth* and *Lyles* were not disclosed until February 10, 2020, eleven days

- 6 -

1 before Vaughan's scheduled deposition in Dallas, giving Jalowsky little time to mine those 2 cases for useful information. (Doc. 286-2, pp. 7-8) Moreover, those cases were not in 3 federal court but in the Judicial District of Dallas County, Texas. *Id*. The defendants make 4 no showing concerning the ease with which one can obtain records from that court. If 5 *Forsyth*, *Lyles*, *Sanchez*, *Bray*, and *Olivas* had all been timely disclosed on October 29, 2019 6 it seems likely that Jalowsky could have, and would have, benefitted from their disclosure. 7 (Doc. 286, p. 1) More to the point, the defendants have not shown that their failure was 8 substantially justified or harmless.

9 On the other hand, the defendants' failure to timely disclose Vaughan's deposition 10 rates appears to have been harmless. The defendants' failure to timely disclose those rates 11 has not prevented Jalowsky from filing a motion challenging them as excessive. *See* (Doc. 12 363) And while Jalowsky insists that the late disclosure prevented him from canceling the 13 deposition before he committed non-refundable costs, he does not affirmatively state that he 14 would have canceled the deposition had he the chance to do so earlier.

15 In sum, the defendants failed to timely disclose their expert's complete written report 16 in accordance with Fed. R. Civ. P. 26(a)(2)(B). They have not shown that this failure was 17 substantially justified or harmless. Sanctions are appropriate.

18 Jalowsky argues that Vaughan's testimony should be precluded, but the court finds 19 that the defendants' failure here is not so egregious that the sanction of preclusion is 20 appropriate. This sanction is ordinarily reserved for the case where there has been a 21 complete failure to provide disclosure and the opposing party has had no meaningful 22 opportunity to depose the expert before trial. *See, e.g., Yeti by Molly, Ltd. v. Deckers* 23 *Outdoor Corp*., 259 F.3d 1101, 1107 (9th Cir. 2001) (Defendants' expert was precluded 24 where "Plaintiffs received [Defendants' expert's] report one month before they were to 25 litigate a complex case."). In this case, the defendants apparently did provide a "complete 26 statement" of Vaughan's opinions and the "basis and reasons for them." Fed. R. Civ. P. 27 26(a)(2)(B)(i). Jalowsky's ability to take full advantage of Vaughan's deposition was

28
- 7 -

compromised, but he was still able to explore Vaughan's expert opinion on the etiology of his impairment. The court therefore finds that the sanction of preclusion is not warranted.

The trial date has not yet been set in this matter. The scheduled discovery deadline has passed, but there is still time for Jalowsky to depose Vaughan about the late-produced material. The court will allow Jalowsky the opportunity to depose Vaughan for an additional two hours. All costs of that deposition will be borne by the defendants. *See, e.g., Robinson v. D.C.*, 75 F. Supp. 3d 190, 197 (D.D.C. 2014) (ordering defendants to pay the costs of the second deposition); *Coene v. 3M Co.*, 303 F.R.D. 32, 45–46 (W.D.N.Y. 2014) (similar); *see also Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 507-508 (D. Md. 1997) ("Whether the court is willing to allow [additional discovery] may well be influenced by whether the dispute centers around a complete failure to provide disclosure of the identity or opinions of an expert, as opposed to a claim that the disclosures were incomplete . . . .").

IT IS ORDERED that the plaintiff's motion, filed on March 30, 2020, to preclude the expert testimony of Joseph Vaughan, M.D., pursuant to Fed.R.Civ.P. 37(c) is GRANTED IN PART. (Doc. 286); (Doc. 298) The court will allow Jalowsky the opportunity to depose Vaughan for an additional two hours. All costs of that deposition will be borne by the defendants. In the alternative, the defendants could voluntarily remove Vaughan from their witness list.

DATED this 2nd day of July, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 8 -