**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, ) | No. CV 18-279-TUC-CKJ (LAB) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Provident Life and Accident Insurance ) | |
| Co., a Tennessee corporation; Unum ) | |
| Group, a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Pending before the court is the defendants' motion, filed on March 30, 2020, to compel the plaintiff to comply with the defendants' Interrogatories No. 7-9 and Requests for Production No. 15, 16, 18, and 19. (Doc. 287)

This is a disability insurance action in which the plaintiff, Jalowsky, alleges that the defendant Unum misclassified his disability as being due to a sickness rather then an injury. (Doc. 17, p. 15) As a result, Jalowsky is entitled to benefits for only 42 months rather than for his lifetime. (Doc. 17, p. 5) Jalowsky asserts that this misclassification resulted from Unum's use of processing procedures and financial incentives that create a conflict of interest between its employees and its insureds. (Doc. 17, pp. 11-12)

Jalowsky maintains that he is disabled due to mild cognitive impairment caused in part by neck and back pain. The defendants would like to know if Jalowsky maintains a lifestyle unusual active for a person in chronic pain.

In the pending motion, the defendants move that the court order the plaintiff to comply with the defendants' Interrogatories No. 7-9 and Requests for Production No. 15, 16, 18, and 19. (Doc. 287)   Jalowsky filed a response to the motion on April 13, 2020. (Doc. 308)  The defendants filed a reply on April 20, 2020.  (Doc. 320)

Discussion

Pursuant to Rule 37(a)(3)(B)(iii -iv):

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . or a party fails to produce documents . . . as requested under Rule 34.

Fed.R.Civ.P.  Rule 33 permits a party to serve written interrogatories. Fed.R.Civ.P. The interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P.33(a)(2).  Rule 34 permits a party to make "a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . ."  Fed.R.Civ.P.

And, Rule 26(b)(1) permits discovery requests "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

Jalowsky worked as a family physician.  (Doc. 287, p. 2)  He asserts that he is currently disabled due to mild cognitive impairment and this cognitive impairment was caused, in part, by a motor vehicle accident that resulted in post-concussion syndrome. (Doc. 287, pp. 2-3) Jalowsky further maintains that this accident exacerbated his pre-existing neck and back pain, and that pain also contributes to his cognitive impairment. *Id.*

The defendants subsequently propounded a number of discovery request "[i]n order to verify the truth of Dr. Jalowsky's assertion regarding his physical condition. . . ." (Doc. 287, p. 3)

Interrogatory 7 asks Jalowsky to identify the fitness tracking devices and software he used from January 1, 2016 to the present. (Doc. 287, p. 8) Interrogatory 8 asks Jalowsky to identify all health clubs, fitness clubs and the like of which he was a member from January 1, 2016 to the present. (Doc. 287, p. 10) Interrogatory 9 asks Jalowsky to identify and describe all trips he has taken more than 100 miles away from his home. (Doc. 287, p. 13)

Request for Production (RFP) 15 asks for documents related to Jalowsky's health club memberships. (Doc. 287, p. 18) RFP 16 asks for documents relating to all of his trips (Doc. 287, p. 21)   RFP 18 asks for a copy of all pages, photos, and videos on Jalowsky's social network accounts. (Doc. 287, p. 26) RFP 19 asks for Jalowsky's calendar in native format from January 1, 2016 to the present. (Doc. 287, p. 29)

The defendants explain that Jalowsky did not raise pain as a cause of his impairment during the claims process. (Doc. 320, p. 2, n. 1) Neither did he raise the issue of pain in his Mandatory Initial Discovery Requests. *Id.* His main argument was that his cognitive problems were caused by "his history of three serious concussions." *Id.* It was only "during depositions of Unum's employees and former employees" that the pain issue became apparent. *Id.*

It appears that while the issue of pain is relevant to the etiology Jalowsky's impairment, it is not a major or important issue. Accordingly, the court will allow some discovery in this area but will not allow discovery that would be particularly burdensome in light of the peripheral nature of this issue.

Jalowsky should be required to respond to Interrogatories 7-9. If Jalowsky is unusually active for a person in constant pain, this discovery will show it. The remainder of

- 3 -

1 the defendants' discovery requests are too burdensome and too unlikely to yield relevant
2 information.[1]

3 In his response, Jalowsky argues that the motion should be denied because the
4 defendants failed to meet and confer in good faith before filing the motion violating
5 Fed.R.Civ.P. 37 and Local Rule 7.2(j).

6 Rule 37(a)(1) states that a motion to compel "must include a certification that the
7 movant has in good faith conferred or attempted to confer with the person or party failing to
8 make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P.
9 Local Rule 7.2(j) states that "[n]o discovery motion will be considered or decided unless a
10 statement of moving counsel is attached thereto certifying that after personal consultation and
11 sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."

12 The discovery requests at issue here were served on February 11, 2020. (Doc. 308,
13 p. 2) Jalowsky filed a response on March 12, 2020 objecting to the discovery requests. *Id.*
14 On March 26, 2020, the defendants' counsel sent a letter by email to Jalowsky's counsel
15 explaining their position and adding that "I am available to meet and confer telephonically."
16 (Doc. 308-1, pp. 3-4) On Saturday, March 28, 2020, the defendants' counsel sent a follow-
17 up email explaining that the defendants planned to file a motion to compel on Monday,
18 March 30, 2020, which was the discovery deadline. (Doc. 308-1, p. 6); (Doc. 308, p. 7) On
19 Monday, however, Jalowsky's counsel was in a deposition until 2:30 p.m., and at 3:27 p.m.
20 "without giving Dr. Jalowsky's counsel a moment to catch his breath," the defendants filed
21 the pending motion to compel. (Doc. 308, p. 4)

22 The court agrees with Jalowsky that it would have been better practice for defense
23 counsel to have initiated negotiations earlier in the month. Unfortunately, it appears from
24 the record that even if negotiations had begun earlier, it is unlikely that they would have been

---

[1] Apparently, one of the defendants' claim processing personnel already looked at Jalowsky's Facebook information and saw nothing unusual. (Doc. 308-1, pp. 17-18)

- 4 -

1 successful given Jalowsky's spirited response to the pending motion. The court finds that
2 the defendants' efforts to resolve this matter without court involvement were sufficient.

3     Jalowsky further argues that the defendants' discovery requests were themselves
4 untimely because they called for a response on the discovery deadline and "[d]iscovery
5 requests must be served . . . sufficiently in advance . . . of this date to ensure reasonable
6 completion by this deadline, including time to resolve discovery disputes." (Doc. 308, pp.
7 6-7) (*citing Ritchie v. Van Ru Credit Corp*., 2013 WL 11727238, at * 3 (D.Ariz. 2013)) The
8 court does not agree.

9     In *Ritchie*, the district court specifically instructed the parties in its order setting a
10 scheduling conference that "Discovery requests must be served and depositions noticed
11 sufficiently in advance of [the discovery deadline] to ensure reasonable completion by this
12 deadline, including time to resolve discovery disputes." *Ritchie v. Van Ru Credit Corp*.,
13 2013 WL 11727238, at *3, n. 1 (D. Ariz. 2013). This was a special instruction for the parties
14 in *Ritchie*. It is not a general rule of civil procedure, although it might be characterized as
15 a rule of best practices. The defendants' failure to comply with this rule does not require the
16 dismissal of the pending motion.

18     IT IS ORDERED that the defendants' motion, filed on March 30, 2020, to compel the
19 plaintiff to comply with the defendants' Interrogatories No. 7-9 and Requests for Production
20 No. 15, 16, 18, and 19 is GRANTED IN PART. (Doc. 287) Jalowsky will comply with
21 Interrogatories No. 7-9. The motion is otherwise denied. Jalowsky will comply within 30
22 days from the date this order is issued.

23     DATED this 17th day of August, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 5 -