**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Herbert Jalowsky, M.D., an individual, | ) | No. CV 18-279-TUC-CKJ (LAB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Provident Life and Accident Insurance Co., a Tennessee corporation; Unum Group, a Delaware corporation, | ) | |
| Defendants. | ) | |

Pending before the court is the defendants' motion, filed on August 28, 2020, for reconsideration of this court's prior order granting, in part, the defendants' motion to compel discovery or, in the alternative, to preclude the plaintiff, Jalowsky, from introducing pain-related evidence at trial.  (Doc. 414)

Previously, on August 17, 2020, this court granted, in part, the defendants' motion to compel discovery from the plaintiff seeking to ascertain his level of physical activity.  (Doc. 405)  The court held that Jalowsky must provide some of the requested discovery, but not all, because for some of the discovery requests, "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed.R.Civ.P. 26(b)(1);  (Doc. 405)  The defendants argue in the pending motion that this court was wrong to conclude that the issue of pain was "peripheral."  (Doc. 414, p. 1)  On the contrary, they argue, it is "a central issue in this action." *Id.*

1

2      Discussion

3          A motion for reconsideration is appropriate where "the district court (1) is presented

4   with newly discovered evidence [that could not have been presented earlier with reasonable

5   diligence], (2) committed clear error or the initial decision was manifestly unjust, or (3) if

6   there is an intervening change in controlling law." *School Dist. No. 1J,Multnomah County*

7   *v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g) ("The Court will

8   ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error

9   or a showing of new facts or legal authority that could not have been brought to its attention

10  earlier with reasonable diligence."). A motion for reconsideration should not be used for the

11  purpose of asking a court "to rethink what the court had already thought through – rightly or

12  wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D.Ariz. 1995)

13  (punctuation modified). A motion for reconsideration "may *not* be used to raise arguments

14  or present evidence for the first time when they could reasonably have been raised earlier in

15  the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

16  (emphasis in original). Nor may a motion for reconsideration repeat any argument previously

17  made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech.*

18  *Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere

19  disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*

20  *v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

21          The defendants argue that "it is manifestly unjust to allow Plaintiff to pursue the

22  theory that the car accident aggravated his chronic pain and therefore contributes to his MCI,

23  but not to require Plaintiff to answer discovery related to that theory." (Doc. 414, p. 6) This

24  court, however, has required Plaintiff to answer discovery related to that theory. (Doc. 405)

25  It has denied *additional* discovery because "the burden or expense of the proposed discovery

26  outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1); (Doc. 405) The pending motion asks

27  the court to rethink something that it has already thought through. Accordingly,

28                                          - 2 -

IT IS ORDERED that the defendants' motion, filed on August 28, 2020, for reconsideration of this court's prior order granting, in part, the defendants' motion to compel discovery or, in the alternative, to preclude the plaintiff, Jalowsky, from introducing pain-related evidence at trial is DENIED. (Doc. 414)  The motion for reconsideration is DENIED. The motion to preclude evidence at trial is DENIED as UNRIPE.  The District Court will set a schedule for filing motions in limine when the trial date is set.

DATED this 10th day of September, 2020.

_Leslie A. Bowman_

Leslie A. Bowman
United States Magistrate Judge