**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, ) | No. CV 18-279-TUC-CKJ (LAB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Provident Life and Accident Insurance ) Co., a Tennessee corporation; Unum ) Group, a Delaware corporation, ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the court is the plaintiff's motion, filed on June 29, 2020, that the court set a reasonable deposition fee for the defendants' neurology expert, Dr. Vaughan, pursuant to Fed.R.Civ.P. 26(b)(4)(E). (Doc. 363) The defendants filed a response on July 10, 2020. (Doc. 371) The plaintiff filed a reply on July 23, 2020. (Doc. 385)

Vaughan was previously retained by the defendants to "address the primary medical issue in this lawsuit: whether Plaintiff suffered a concussion in a motor vehicle accident nearly five years before he stopped working and, if so, whether that concussion caused or contributed to his Mild Cognitive Impairment ("MCI") on which his disability claim is based." (Doc. 371, p. 2) Vaughan charged the defendants $500 per hour for his consultation work on their behalf. (Doc. 371, p. 6) The plaintiff subsequently arranged to take Vaughan's deposition. Vaughan informed the plaintiff that he charged $7,500 for four hours, an hourly rate of $1,875. (Doc. 371, p. 2)

After the deposition, Vaughan invoiced the plaintiff for $7,000, an hourly rate[1] of $1,750. (Doc. 371, p. 2) The plaintiff objected and offered to pay $1,000 per hour. (Doc. 371, p. 2) Vaughan did not agree. (Doc. 371, pp. 2-3) On June 29, 2020, the plaintiff filed the pending motion that the court set a reasonable deposition fee pursuant to Fed.R.Civ.P. 26(b)(4)(E). (Doc. 363)

Discussion

The Rule reads in pertinent part as follows:

> Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D) . . . .

Fed. R. Civ. P. 26(b)(4)(E)(i). Rule 26(b)(4)(A) discusses experts "who may testify," such as Vaughan, and Rule 26(b)(4)(D) discusses experts "employed only for trial preparation." Fed.R.Civ.P. "Although the rule is mandatory in the sense that the court may not entirely refuse to direct payment, it is up to the district court to determine what is a reasonable fee." 8A Fed. Prac. & Proc. Civ. § 2034 (3d ed.).

"The federal courts that have addressed this issue generally apply seven factors in determining the reasonableness of an expert's fees. These include: (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparable respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Walker v. Spike's Tactical, LLC*, 2015 WL 70812, at *2 (D. Nev. 2015). "[U]ltimately, it is the court's discretion to set an amount that it deems

---

[1] There is some discrepancy, but the court will accept the defendants' assertion that the deposition lasted four hours. *See* (Doc. 371, p. 2, n. 1)

- 2 -

reasonable." *Id.* The court finds it most expedient to determine a reasonable fee for consultation work first and then make an adjustment for deposition testimony.

The court need not dwell overly long on factors (1), (2), (3), (4), (6), and (7). These factors are reflected in the hourly rate that Vaughan is able to charge the party who first retains his services, here, the defendants. This rate is determined by the "invisible hand"[2] of the market, and if that market is free from undue influences, it is to a first approximation what one might term "fair." If Vaughan tries to charge too much, he will lose business to other experts. If he charges too little, he will have more business than he can handle. All things being equal, the court concludes that Vaughan's hourly rate of $500 per hour for consultation work is reasonable. Now, the court turns to the ultimate issue: What is a reasonable hourly rate for *deposition* testimony?

Vaughan's demand of $1,750 per hour for deposition testimony is not entitled to a presumption of reasonableness. His demand is not tempered by market forces; he has a complete monopoly. The plaintiff cannot take his business elsewhere if he finds Vaughan's prices are too high. He must depose the expert chosen by the defendants. He could threaten to cancel the deposition, but that might be considered legal malpractice. Consequently, the plaintiff chose the most attractive of the various unsavory options: He took the deposition, made a counter offer of $1,000, and when that offer was rebuffed, filed the pending motion.

"The [c]ourt recognizes that depositions of an adverse expert are, at times, stressful and, unfortunately, usually adversarial in nature." *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999). "Moreover, depositions require better preparation and more thoughtful and precise answers by the deponent than a casual office visit with retaining counsel or a patient." *Id.* "Thus, the [c]ourt finds it reasonable to charge a modestly higher

---

[2] *See* Adam Smith, *Wealth of Nations* (1776).

1  fee for a deposition taken by adverse counsel but not two or more times the cost for a
2  medical/legal consultation." *Id.*

3  In this case, Vaughan seeks to charge the plaintiff an hourly fee that is 3.5 times the
4  hourly fee he charges the defendants for consultation. That is too much. The court will adopt
5  the plaintiff's suggestion and hold that a ratio of 1.5:1 is reasonable. (Doc. 363, p. 2) A
6  reasonable deposition rate is $750 per hour, or $3000 for four hours. *See, e.g., Edin*, 188
7  F.R.D. at 547 (rejecting a ratio of 2:1 and approving a ratio of 1.125:1).

8  In their response, the defendants object to the fact that the plaintiff's counsel knew
9  Vaughan's deposition rate ahead of time but "waited until after he deposed Dr. Vaughan for
10 nearly four hours to inform him that he would not pay him[3] for his time." (Doc. 371, p. 1)
11 It is not clear what the defendants are arguing here. Are they saying that if the plaintiff had
12 made his objections known before the deposition, than Vaughan would have been more
13 likely to accept a lower fee? They present no evidence in support of that supposition. The
14 court finds it unlikely that this motion could have been avoided had the plaintiff objected
15 earlier.

16 The defendants further argue that if the plaintiff offered to pay $1,000 per hour, then
17 he must believe that $1,000 is reasonable and his assertion that this was simply "an effort to
18 compromise" is "disingenuous." *See* (Doc. 371, p. 2, n. 2) The court is not persuaded. It
19 seems more likely that the plaintiff's offer combined what he believed was reasonable with
20 the cost of filing the pending motion and the likelihood of a favorable outcome. The fact that
21 the plaintiff made an offer of $1,000 per hour does not estop him from arguing in the pending
22 motion that $750 per hour is reasonable. If the court were to conclude otherwise, parties
23 would be disinclined to make offers in compromise, the number of motions filed would
24 increase, and litigation costs would rise for everyone. *See* Fed.R.Civ.P. 1; *see also,*

---

26 [3] This is hyperbole. The plaintiff offered to pay Vaughan $1,000 per hour rather than
   the $1,750 per hour that he invoiced. (Doc. 371, p. 2) The plaintiff did not threaten to "stiff"
27 him. (Doc. 371, p. 20)

- 4 -

Case 4:18-cv-00279-CKJ-LAB   Document 427   Filed 09/18/20   Page 5 of 6

1  Fed.R.Evid. 404  (An offer in compromise is not admissible to prove the amount of a claim
2  "or to impeach through a prior inconsistent statement or contradiction. . . .").

3        The defendants assert that many of the plaintiff's experts charged the defendants an
4  even higher deposition rate than the plaintiff argues would be reasonable for Vaughan.
5  Again, the court is unclear about what the defendants are arguing.  The plaintiff is not
6  responsible for the amounts charged by his experts.  The fact that he retained those experts
7  is not evidence that he believes their deposition charges are reasonable.  Perhaps they are;
8  perhaps they aren't.  If the plaintiff's experts are overcharging the defendants, it might in
9  some sense be *equitable* to allow the defendants' expert to overcharge the plaintiff, but the
10 rules require Vaughan's charges to be *reasonable*, not equitable.  *See* Fed. R. Civ. P.
11 26(b)(4)(E)(i).

12       Finally, the defendants cite cases from another district where experts were permitted
13 to charge deposition rates of $1,500 per hour.  (Doc. 371, pp. 4-5) (citing *Walker v. Spike's*
14 *Tactical*, *LLC*, 2015 WL 70812, at *2 (D. Nev. 2015) and *Axelson v. Hartford Ins. Co. of the*
15 *Midwest*, 2013 WL 1261757, at *2 (D.Nev.2013))  The court finds the reasoning in those
16 cases unpersuasive.  The *Walker* court did not explain its decision making rationale and
17 simply prefaced its holding with the phrase, "[b]alancing the competing interests . . . ."
18 *Walker,* 2015 WL 70812, at *4. The *Axleson* court held that a deposition fee of $1,500 per
19 hour charged by the plaintiff's expert was reasonable because the defendant's expert witness
20 charged $1,400 and counsel agreed that "these fees are in line with those charged by
21 similarly qualified expert witnesses in this community . . . ." *Axelson*, 2013 WL 1261757,
22 at *2.  There was no discussion of factor (5), "the fee actually charged to the party that
23 retained the expert." *See Walker v. Spike's Tactical*, *LLC*, 2015 WL 70812, at *2 (D. Nev.
24 2015).

25 //
26 //
27 //
28 
       - 5 -

1  IT IS ORDERED that the plaintiff's motion, filed on June 29, 2020, that the court set
2 a reasonable deposition fee for the defendants' neurology expert, Dr. Vaughan, pursuant to
3 Fed.R.Civ.P. 26(b)(4)(E) is GRANTED.  (Doc. 363)  The plaintiff shall pay Vaughan a
4 deposition fee of $750 per hour or $3000 for the four-hour deposition.
5  DATED this 17th day of September, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge