**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Jalowsky, M.D., an individual, ) | No. CV 18-279-TUC-CKJ (LAB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Provident Life and Accident Insurance ) Co., a Tennessee corporation; Unum ) Group, a Delaware corporation, ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the court is the defendants' motion, filed on July 28, 2020, to quash four subpoenas that the plaintiff intends to serve on non-parties. (Doc. 387) The plaintiff filed a response on July 31, 2020. (Doc. 390) The defendants filed a reply on August 6, 2020. (Doc. 396)

This is a disability insurance case in which the plaintiff, Jalowsky, claims that the defendants misclassified his disability as being due to a sickness rather than an injury thereby reducing his benefits. (Doc. 17) Dr. Joseph Vaughan is a neurologist who was retained by the defendants to give expert testimony on the etiology of Jalowsky's disability. (Doc. 387, p. 1) On July 21, 2020, the plaintiff issued a notice of intent to issue four subpoenas to third parties. *Id.* The plaintiff seeks documents related to Vaughan's employment history. (Doc. 387, p. 2)

1     In the pending motion, the defendants argue that the court should quash the subpoenas
2  because the plaintiff's notice is 113 days after the close of discovery and 151 days after
3  Vaughan's deposition. (Doc. 387, p. 2) The defendants insist "[t]here were no extenuating
4  circumstances to justify this delay and noncompliance with this Court's deadline schedule."
5  *Id.*

### Discussion

8     As the defendants correctly observe, by filing his notice after the close of discovery,
9  the plaintiff is implicitly asking to modify the scheduling order, which may be done "only
10 for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The defendants argue
11 that the plaintiff had ample opportunity to issue these subpoenas before the close of
12 discovery because Vaughan's identity was disclosed 153 days prior to the discovery deadline
13 and Vaughan's deposition took place 38 days before the deadline. (Doc. 387, p. 3)
14 Consequently, the defendants conclude that good cause does not exist. *Id.* The court is not
15 entirely convinced.

16    As the plaintiff notes, while Vaughan's identity was timely disclosed, his curriculum
17 vita was not disclosed until April 15, 2020, "5½ months after [the defendants'] deadline to
18 provide its complete expert disclosures, two months after Dr. Vaughan's deposition, and two
19 weeks after discovery closed." (Doc. 390, pp. 1-2) And without Vaughan's curriculum vita,
20 Jalowsky would not have known where Vaughan worked and could not have discovered his
21 unusual "hodgepodge" of former employers. *Id.*

22    The plaintiff subsequently filed a motion for sanctions on March 30, 2020 for failure
23 to provide complete expert disclosure. This court granted the motion in part on July 6, 2020
24 holding that Vaughan's testimony would not be precluded but the plaintiff would be
25 permitted to depose him again, this time at the defendants' expense. (Doc. 367) The plaintiff
26 filed his notice of intent to issue subpoenas on July 21, 2020 apparently in an effort to
27 prepare for that second deposition.

It appears that the delay in issuing the subpoenas was caused mostly by the defendants' failure to provide timely expert discovery and this court's failure to timely resolve the plaintiff's motion for sanctions. Accordingly, the court finds that there exists good cause for that delay and good cause for the plaintiff's implicit request to modify the scheduling order.

IT IS ORDERED that the defendants' motion, filed on July 28, 2020, to quash four subpoenas that the plaintiff intends to serve on non-parties is DENIED. (Doc. 387)

DATED this 23rd day of September, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge