**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Herbert Jalowsky, M.D., an individual, | ) | No. CV 18-279-TUC-CKJ (LAB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Provident Life and Accident Insurance | ) | |
| Co., a Tennessee corporation; Unum | ) | |
| Group, a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pending before the court is the plaintiff's motion, filed on July 29, 2020, for clarification or modification of this court's previous order issued on July 6, 2020 granting, in part, the plaintiff's motion to exclude expert testimony.  (Doc. 389)  The defendants filed a response on August 12, 2020.  (Doc. 402)  The plaintiff filed a reply on August 17, 2020.  (Doc. 406)

This is a disability insurance case in which the plaintiff, Jalowsky, claims that the defendants misclassified his disability as being due to a sickness rather than an injury thereby reducing his benefits.  (Doc. 17)  On July 6, 2020, this court granted in part the plaintiff's motion to exclude the expert testimony of the defendants' neurologist, Joseph Vaughan, because the defendants failed to timely provide all expert disclosure as required by Fed.R.Civ.P. 26(a)(2)(B).  (Doc. 367)  The court ordered that the neurologist would not be precluded, but the defendants would arrange for the plaintiff to depose Vaughan for an

1  additional two hours and "[a]ll costs of that deposition will be borne by the defendants."

2  (Doc. 367, p. 8)

3       In the pending motion, the plaintiff moves that this court clarify or modify its prior

4  order to explicitly state that the defendants are responsible for Jalowsky's reasonable

5  attorneys' fees associated with the supplemental deposition.  (Doc. 389)  Jalowsky asserts

6  that to prepare for the upcoming deposition his counsel must "spend substantial time re-

7  studying [Vaughan's] report and opinions, re-reviewing background and foundational

8  material, and re-covering some of the same information that was included in counsel's

9  original preparation." (Doc 389, p. 2) Jalowsky argues he will be prejudiced if he has to pay

10  for this duplication[1] of effort.  *Id.*  Jalowsky further notes that due to the corona virus, it is

11  likely that there will be no travel charges and the defendants will end up paying only $1,000

12  for the court reporter and videographer.  *Id.*  This, he maintains, is not a sufficient sanction

13  for their discovery violations.  *Id.*

14       The defendants, on the other hand, argue that the word "costs" usually does not

15  encompass attorney fees, and therefore the court's order is clear as it stands.  (Doc. 402)

16  They further note that they "still must pay for costs associated with the deposition, including

17  the costs associated with holding the deposition via videoconference, for the court reporter,

18  and for Dr. Vaughan's time – not to mention the hours that [their] counsel has spent

19  addressing Plaintiff's various motions and those [they] will spend preparing for and

20  defending the deposition." (Doc. 402, p. 3)

21       The court acknowledges that Jalowsky's counsel will have to spend time preparing

22  for Vaughan's second deposition and some of that time will be spent going over material for

23

24      [1]  Assuming the court were inclined to reimburse Jalowsky for this duplication of

25  effort, it appears to be a more complicated proposition than appears at first blush.

26  Presumably, some of counsel's preparation time, the time he spends reviewing the late disclosure for example, will *not* be duplicated effort.  And some tasks will be a mixture of

27  the two, such as composing questions for the expert based on both the late disclosure and Jalowsky's original medical report.

28

a second time.  The time counsel spends on this material will be, in some sense, duplicative, but it will not be wasted.  The more time counsel spends with the material, the better acquainted he will be with it, and the better will be his performance at trial.  The extra time counsel spends with the material will inure to his client's benefit eventually; he will not be prejudiced.

IT IS ORDERED that the plaintiff's motion, filed on July 29, 2020, for clarification or modification of this court's previous order issued on July 6, 2020 granting, in part, the plaintiff's motion to exclude expert testimony is DENIED.  (Doc. 389)

DATED this 29th day of September, 2020.

Leslie A. Bowman
Leslie A. Bowman
United States Magistrate Judge